IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00064-PAC-MEH

PAMELA SNOW,

    Plaintiff,

v.

K.C. REDI-MIX, LLP,

    Defendant.

---

MEMORANDUM OPINION AND ORDER ON
MOTION FOR PARTIAL SUMMARY JUDGMENT

---

**Patricia A. Coan, United States Magistrate Judge**

The parties have consented to have their case heard by a magistrate judge pursuant to 28 U.S.C. §636(c).  Defendant filed its Motion for Summary Judgment on Plaintiff's Outrageous Conduct Claim [doc. #37] on January 3, 2006.  Plaintiff filed her response to the motion on February 13, and defendant filed its reply on February 28, 2006.  Oral argument would not be of material assistance.

<u>Background</u>

This is a Title VII case.  Plaintiff contends that defendant, through its employees, discriminated against her because she was female; that she was subjected to sexually hostile working environment; and, that defendant's employees engaged in outrageous conduct and intentionally inflicted emotional distress on plaintiff.  The undisputed facts

underlying the plaintiff's third claim are not in dispute.[1]  Plaintiff stated in her deposition that the basis for this claim are incidents of screaming and yelling at her and calling her a "f***ing retard" and "f***ing bozo."  Defendant's motion at 2.  The issue is whether these allegations are sufficient to withstand summary judgment.

## Summary Judgment Standard

The purpose of summary judgment is to determine whether trial is necessary.  *White v. York Int'l. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Summary judgment is appropriate under FED.R.CIV.P. 56(c) when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When applying this standard, the court reviews the pleadings and documentary evidence in the light most favorable to the nonmoving party.  *Gray v. Phillips Petroleum*, 858 F.2d 610, 613 (10th Cir. 1988).   To defeat a properly supported motion for summary judgment, "there must be evidence upon which the jury could reasonably find for the plaintiff."   *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Speculation, supposition and unsupported factual allegations will not establish an issue of material fact necessitating trial. *Handy v. Price,* 996 F.2d 1064, 1068 (10th Cir. 1993).

## Analysis

The substantive law of the forum state of Colorado is to be applied to plaintiff's

---

[1] Plaintiff indicates in her response that these facts are not in dispute.  Plaintiff's response at 2.

state law claim of outrageous conduct.  *See Vitkus v. Beatrice Co.*, 127 F.3d 936, 941 (10th Cir.1997)(applying substantive law of forum state in diversity cases).  Under Colorado law, the tort of outrageous conduct has three elements in that the defendant "(1) . . . engaged in extreme and outrageous conduct, (2) recklessly or with the intent of causing the plaintiff severe emotional distress, and (3) causing the plaintiff severe emotional distress."  *Pearson v. Kancilia*, 70 P.3d 594, 597 (Colo. App. 2003).  Before permitting a plaintiff to present a claim for outrageous conduct to a jury, the trial court must initially rule on the threshold issue of whether the plaintiff's allegations of outrageous conduct are sufficiently outrageous as a matter of law.  "Although the question of whether conduct is outrageous is generally one of fact to be determined by a jury, it is first the responsibility of a court to determine whether reasonable persons could differ on the question."  *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 665-66 (Colo. 1989) (quoting *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 883 (Colo. 1994)).

The level of outrageousness required for conduct to create liability for intentional infliction of emotional distress or outrageous conduct is extremely high.  "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Id.*, at 666, quoting *Rugg v. McCarty*, 476 P.2d 753, 756 (Colo. 1970).  The "defendant's conduct must be more than unreasonable, unkind or unfair; it must truly offend community notions of acceptable conduct."  *Grandchamp v. United Air Lines, Inc.*, 854 F.2d 381, 383 (10th Cir.1988) (applying Colorado law), *cert. denied*, 489 U.S. 1080 (1989).  Simply stated,

"liability ... does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." RESTATEMENT (SECOND) OF TORTS § 46, comment d (1965).

First, I examine all the evidence in the light most favorable to Ms. Snow and determine whether any reasonable juror could find that the conduct she complains of meets the high standard set forth in *Coors*. Plaintiff argues that the name-calling was not an isolated one-time occurrence; that the name-calling was done by her superior; and that reasonable persons differ on whether the conduct is outrageous. See Pl. Resp.

Plaintiff contends that reasonable minds differ on whether the conduct is sufficiently outrageous because plaintiff's and defendant's counsel disagree on the question. This is not an appropriate basis on which to deny the defendant's motion for summary judgment on plaintiff's outrageous conduct claim.

I conclude that plaintiff's claim that she was called a "f***ing retard" and "f***ing bozo" and was subjected to episodes of yelling and screaming are not evidence of conduct "so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Coors*, 978 P.2d at 666. Consequently, summary judgment is properly entered in favor of defendant on plaintiff's third claim for relief.

Accordingly, it is

**HEREBY ORDERED** that defendant's Motion for Summary Judgment on Plaintiff's Outrageous Conduct Claim [doc. #37], filed on January 3, 2006, is

**GRANTED**.

It is further

**ORDERED** that plaintiff's third claim for relief is **DISMISSED**.

Dated this 9th day of March, 2006.

                                                  BY THE COURT:

                                                  s/ Patricia A. Coan

                                                  PATRICIA A. COAN
                                                  United States Magistrate Judge